**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
AIMEE CABRERA,

                       Plaintiff,          **MEMORANDUM & ORDER**

          - against -          12-CV-6200 (PKC) (RER)

FRESH DIRECT, LLC,

                       Defendant.
-----------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

      **TO THE HON. PAMELA K. CHEN, UNITED STATES DISTRICT JUDGE**

      Aimee Cabrera ("Plaintiff") commenced this action against Fresh Direct, LLC ("Fresh Direct" or "Defendant") on December 14, 2012, asserting claims of gender and disability discrimination under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq* ("NYCHRL"). Before the Court is Plaintiff's June 21, 2013 motion to amend the complaint to add a cause of action under New York State Labor Law § 740(2)(a) (the "Whistleblower Act" or "Section 740"). (Dkt. No. 9, Plaintiff's Memorandum of Law in Support of Motion for Leave to File First Amended Complaint ("Pl.'s Mem.").) Defendant objects to the proposed amendment as futile. (Dkt. No. 11, Defendant's Response in Opposition to Plaintiff's Motion ("Def.'s Resp.").) For the reasons below, Plaintiff is granted leave to file her amended complaint.[1]

---

[1] Magistrate Judges have the authority to grant motions to amend the pleadings to assert additional claims or defenses. *See* Fed. R. Civ. P. 72(a); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 11-CV-726 (CBA) (RLM), 2012 WL 3306612, at *1 (E.D.N.Y. Aug. 13, 2012) (" . . . a motion to amend a complaint is a pretrial matter not dispositive of a claim or defense of a party within the purview of Fed. R. Civ. P. 72(a)") (internal quotation marks and citation omitted).

## BACKGROUND

In her original complaint, Plaintiff alleges that gender and disability discrimination caused her to be wrongfully terminated from her position as manager of Fresh Direct's Cheese and Deli Department. (Dkt. No. 1, Complaint ("Compl.") ¶¶ 24, 32.) In her proposed amended complaint, Plaintiff alleges additionally that she "complained to several different [Fresh Direct managers] . . . about health and safety violations by [Fresh Direct] which presented major risks regarding public health and safety." (Pl.'s Mem., Exh. A, ("Am. Compl.") ¶ 21.) Specifically, Plaintiff reported unsafe working conditions and food safety issues at the Fresh Direct facilities that she believed to pose "substantial and specific danger to public health or safety and significant threat to the health of the customers of Fresh Direct within the meaning of [Section 740]." (*Id*. at ¶¶ 22-23, 39.) Plaintiff alleges that these complaints were ignored, caused her to receive criticism from superiors, and eventually led to her termination. (*Id*. at ¶¶ 24, 40.) As such, Plaintiff now seeks leave to assert a claim under Section 740 against Defendant for terminating her for engaging in protected whistleblower activity. (*Id*. at ¶ 40.)

## DISCUSSION

**I.     Legal Standard for a Motion to Amend**

A court should "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to give leave, the court "considers factors such as undue delay, prejudice to the defendants, and futility of the proposed amendments." *Hughes v. Anderson*, 09-CV-4042 (ADS) (WDW), 2012 WL 3062155, at *3 (E.D.N.Y. May 31, 2012) (citations omitted). Defendant does not contest that the proposed amendment is unduly delayed, made in bad faith, or would prejudice the opposing party. (*See generally* Def.'s Resp.) Rather,

Defendant argues that the amendment is futile because the Whistleblower Act contains a waiver provision that would waive her existing gender and disability discrimination claims because they are premised on the same retaliatory action as the whistleblower claim.[2][3]  (Def.'s Resp. at 2.)

## II. <u>Futility</u>

When a party "opposes a proposed amendment on the ground that it is futile, the court should review the proposed claim as it would in considering a motion for dismissal[.]" *Shpak v. Curtis*, 10-CV-1818 (WFK) (JO), 2012 WL 511478, at *4 (E.D.N.Y. Feb. 14, 2012) (citations omitted); s*ee also Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 149 (S.D.N.Y. 2012) (citing *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).  The court must therefore "accept all of Plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir. 1999), *cert. denied,* 531 U.S. 1069 (2001).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  The "court need not finally determine the

---

[2] Defendant also argues that Plaintiff's motion should be dismissed because it fails to comply with the Court's Individual Rules of Practice.  (*See* Def.'s Resp. at 1 n. 1.)  "However, [a] district court has broad discretion [in determining] whether to overlook a failure to comply with local court rules."  *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 305 (E.D.N.Y. 2009) (citing *Gonzalez v. El Acajutla Rest., Inc.*, 04-CV-1513 (JO), 2007 WL 869583, at *3 (E.D.N.Y. Mar. 20, 2007); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001)).  As such, the Court will examine the substance of Plaintiff's motion.

[3] Although Plaintiff's proposed whistleblower claim does not relate back to the original filing of the Complaint, it is timely pursuant to a tolling agreement between the parties.  (*See* Dkt. Nos. 14-15; Dkt. entries dated 8/16/2013 (withdrawing the Court's report and recommendation to the District Judge recommending that the claim be dismissed as time-barred following the disclosure of the tolling agreement).)

merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous." *Hall v. N. Bellmore Union Free Sch. Dist.*, 08-CV-1999 (JS) (ARL), 2010 WL 1049280, at *3 (E.D.N.Y. Mar. 18, 2010) (quoting *Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works*, 109 F.R.D. 627, 628 (S.D.N.Y. 1986)).

A.  **Waiver Provision**

The Whistleblower Act contains an election of remedies provision that states:

> " . . . the institution of an action in accordance with [Section 740] shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law."

N.Y. Lab. Law § 740(7). "While it is [] clear that the institution of a Section 740 claim triggers the waiver provision, the scope of the statutory waiver is less clear [and] the proper scope of the waiver has been the subject of a variety of views." *Barker v. Peconic Landing at Southold, Inc.*, 885 F. Supp. 2d 564, 568 (E.D.N.Y. 2012). Some courts have held that the waiver applies to claims that relate to the same retaliatory action on which the Section 740 claim is based. *Nicholls v. Brookdale Univ. Hosp. Med. Ctr.*, 03-CV-6233(JBW), 2004 WL 1533831, at *5 (E.D.N.Y. July 9, 2004) (citations omitted); s*ee also, e.g., Bordan v. N. Shore Univ. Hosp.*, 712 N.Y.S.2d 155, 156 (2000) (waiving claims arising from the "course of conduct" by the employer as the Whistleblower claim under Section 740(7)); *Pipia v. Nassau Cnty.*, 826 N.Y.S.2d 318, 319 (2006) (same); *Owitz v. Beth Israel Med. Ctr.*, 781 N.Y.S.2d 626, 626 (2004) (same). Other courts, particularly federal district courts, have followed the more narrow interpretation set forth in *Collette v. St. Luke's Roosevelt Hospital* in which only "claims that duplicate or overlap the statutory remedies for retaliation on account of whistleblowing activity alone" are waived. 132

4

F. Supp. 2d 256, 274 (S.D.N.Y. 2001); *see also Nicholls*, 2004 WL 1533831 at *5; *Barker*, 885 F. Supp. at 569; *Shipkevich v. Staten Island Univ. Hosp.*, 08-CV-1008 (FB) (JMA), 2009 WL 1706590, at *4-5 (E.D.N.Y. June 16, 2009). Thus, the *Collette* standard allows plaintiffs to bring "legitimately independent claims" not related to whistleblowing even if the claims have overlapping facts, such as the same underlying retaliatory action. *See id.*

Defendant argues that the Section 740 waiver provision bars Plaintiff from asserting whistleblower and NYCHRL claims based upon the same retaliatory action. (Def.'s Resp. at 2.) Under the plain-meaning interpretation of the provision, Plaintiff's discrimination claims cannot arise out of the same retaliatory action as the Section 740 claim and would thus be waived. *Nicholls*, 2004 WL 1533831, at *5. On the other hand, courts applying *Collette* have held that anti-discrimination statutes such as the NYCHRL "protect against wrongs completely separate from those sought to be protected by Section 740" and are not waived even when predicated on the same retaliatory action and Plaintiff's original claims would thus not be waived. *Barker*, 885 F. Supp. 2d at 569; *see also Collette,* 132 F. Supp. 2d at 274.

This Court, like others in this District, finds the narrow *Collette* reading of the waiver provision to be persuasive. The purpose of the NYCHRL is to protect persons working in New York City against discriminatory employment actions based upon protected classifications such as gender or disability. *See* N.Y.C. Admin. Code § 8-107. Section 740 "is aimed at protecting the rights of employees who report violations of law that present a danger to public health or safety." *Barker*, 885 F. Supp. 2d at 569. Because the two causes of action seek to remedy separate wrongs, "[a] literal reading of [Section 740's waiver provision] would dictate the absurd result that 'when an employee brings a whistleblower suit, all concurrent or future lawsuits

5

brought by that employee, in any capacity whatsoever, are waived.'" *Nicholls*, 2004 WL 1533831, at *6 (citing *Collette*, 132 F. Supp. 2d at 262). Moreover, "a narrow interpretation of the waiver provision advances the purpose of [Section 740], since 'requiring the employee, as the price of asserting whistleblower protection, to waive any rights he might have under independent causes of action (such as battery, or defamation, or sexual harassment, or employment discrimination) . . . will create a disincentive to invoking the Act's protection, thus in turn deterring the very whistleblowing conduct that the Act intends to encourage.'" *Shipkevich*, 2009 WL 1706590, at *5 (citing *Collette*, 132 F. Supp. 2d at 271). Therefore, the Court adopts the narrow reading of the provision and thus finds that Plaintiff's proposed Section 740 claim does not waive her discrimination claims.

## CONCLUSION

For reasons set forth above, Plaintiff is granted leave to file her proposed amended complaint. Plaintiff shall serve and file the amended complaint within seven days of this order.

Dated: August 27, 2013
   Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**